UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

Equlla M. Brothers, Personal )
Representative of Estate of )
Daryl Clinton, )
 )
Plaintiff, )
 )
v )          No. CIV-2021-418-SLP
 )
Tommie Johnson III, Oklahoma )
County Sheriff, Official Capacity, )
Turnkey Health Clinic, LLC, and )
Dr. Kent King, )
 )
Defendants. )
 )

OKLAHOMA COUNTY SHERIFF'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE REGARDING SIGHT CHECKS UNRELATED TO PLAINTIFF

There is no evidence that any sight checks of the cell in which Plaintiff was

held were not performed.  Therefore, there is no logical basis for proof regarding

the history of sight checks in the Oklahoma County Detention Center.  Indeed,

Plaintiff's allegations about sight checks in the facility are not targeted even to the

medical floor, the only floor upon which Plaintiff was housed August 6 – 10, 2019,

but are allegations about the entire facility.

Indeed, there is no proof any of the sight checks of Plaintiff's cell were

missed in any manner, regardless of whether or not they may or may not have

been done elsewhere in the facility.  The Oklahoma County Sheriff has produced

83 videos recorded during the relevant days, 12 of them of detention officers

conducting sight checks or opening the cell door to check on Plaintiff on August 9,

before he was found unresponsive at about 4:13am on August 10, 2019 and medical staff summoned.

The reason Plaintiff explored the issue of sight checks was Plaintiff was in search of a policy or procedure of the Oklahoma County Sheriff that might have contributed to the causation of death.  Setting aside for the moment whether looking in a cell window, or looking in a cell window the requisite number of times, could in anyway be causally linked, there is simply no proof of any such deficiency with regard to Plaintiff.

"When performing sight checks, the Oklahoma County Sheriff's Office trained officers to look for movement in the cell and other signs of life. Officers were then to document in a logsheet what the inmate was doing during each check."  *Willis v Johnson*, 2023 WL 2028959, at 1 (10th Cir. 2023) ("Some of Plaintiff's evidence suggests that Willis did not move positions for nearly six hours during Newkirk's sight checks.") (Interlocutory qualified immunity appeal dismissed).  In this case, the evidence is that very often, the detention officers sought medical assistance for Plaintiff.  Indeed, a medical doctor was in his cell for nearly ten minutes on August 9 and did not order additional medical assistance by the medical staff or by transporting Plaintiff outside of the facility.  No sight check before or after the medical staff actions would have made the medical staff see something they may not have seen.

<u>ARGUMENTS AND AUTHORITIES</u>

"The Supreme Court has held that simply failing to follow jail policies is not a constitutional violation in and of itself."  *Ernst v Creek Cty. Pub. Facilities Auth*., 697 F. App'x 931, 934 (10th Cir. 2017) (citing *Davis v Scherer*, 468 US 183, 194 (1984)).  Thus, even if a sight check was missed, and none have been alleged regarding Plaintiff's incarceration, by itself it would not be determinative.

The Medical Examiner determined that the Plaintiff had ten significant medical conditions, of which the probable cause of death was blunt force trauma of the cervical spine.  The Medical Examiner found that Plaintiff was "post recent motor vehicle collision on August 5, 2019, five days prior to death, per investigation."  Exhibit "1," Report of Investigation by Medical Examiner, November 12, 2019, OCSO – 0147 at 2.  The manner of death was "accident."  *Id*.  Among the significant other findings was that Plaintiff had atherosclerotic cardiovascular disease.  *Id*.  None of these medical conditions would have been susceptible to a sight check.  Indeed, the numerous interactions detention officers had with Plaintiff and the numerous interactions detention officers had with medical staff indicate sight checks were not the problem and were not causally related.

It is axiomatic that in a deliberate indifference claim based on an alleged policy of the government that the policy must be proven to be the moving force behind the constitutional deprivation. *Cordova v Aragon*, 569 F3d 1183, 1193 (10th Cir. 2009) ("A municipality is not liable for the constitutional violations of its employees simply because such a violation has occurred; a policy or custom must

have actually caused that violation.").  In this case, there is no causation link between sight checks, and any policy that might govern them, and Plaintiff's death. This is also true because there is no evidence sight checks were not performed at Plaintiff's cell.  To the contrary, the proof is that they were performed and resulted in numerous contacts with medical staff.  Even Plaintiff's expert, Lenard Vare, agreed that was the case.  "I don't believe that I found, in the reviewing of the incident and the records that I reviewed, such an instance where corrections officers did not tell medical what they thought was going on."  Exhibit "2," Deposition of Lenard Vare, March 7, 2023, at 20.  Further, the record was that the detention officers kept Clinton under vigilant surveillance.  Exhibit "3," Deposition of Mary Mulanax, March 15, 2023, at 16.

As a result, spending trial time on sight checks, especially the history of sight checks in other areas of the jail or in years long past rather than the medical floor, and rather than regarding Plaintiff in particular, would be a colossal waste of time and a distraction from the real issues for which there is no basis.

Respectfully Submitted,

VICKI ZEMP BEHENNA
DISTRICT ATTORNEY

   /s/ *Rodney J. Heggy*
Aaron Etherington (OBA 18,259)
Rodney J. Heggy (OBA 4049)
Carri A. Remillard (OBA 21,539)
Assistant District Attorneys
320 Robert S. Kerr, Suite 505
Oklahoma City, OK  73102
Telephone: (405) 713-1600

Facsimile: (405) 235-1567
aaron.etherington@oklahomacounty.org
rod.heggy@oklahomacounty.org
carri.remillard@oklahomacounty.org
ATTORNEYS   FOR   OKLAHOMA   COUNTY
SHERIFF

<u>CERTIFICATE OF MAILING</u>

The foregoing was delivered by the ECF system or mailed postage pre-paid, if required on the date filed to:

Woodrow K. Glass
Travis E. Harrison
Geoffrey A. Tabor
Ward & Glass, L.L.P.
1601 N.W. 36th Avenue, Suite 100
Norman, Oklahoma 73072
woody@wardglasslaw.com
travis@wardglasslaw.com
geoffrey@wardglasslaw.com
405-360-9700
405-360-7902 (fax)

-and-

Beau Williams
Beau Williams Law Office
4901 Richmond Sq.
Oklahoma City, Oklahoma 73118
beauwilliamsatty@gmail.com
ATTORNEYS FOR PLAINTIFF

/s/ *Rodney J Heggy*