IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQULLA M. BROTHERS, as the Personal Representative and Administratrix of the Estate of Daryl Clinton, Deceased,<br><br>   Plaintiff,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY; TOMMIE JOHNSON III, in his official capacity as Oklahoma County Sheriff; TURNKEY HEALTH CLINIC, LLC, an Oklahoma limited liability company; DR. KENT KING, individually; and JOHN DOES I-X, individually,<br><br>   Defendants. | Case No. CIV-21-418-SLP |

# O R D E R

Before the Court is Plaintiff's Motion in Limine [Doc. No. 91]. Defendant has filed a Response [Doc. No. 94]. Plaintiff has been given the opportunity to file a reply but has failed to timely do so. *See* LCvR 7.1 (i). For the reasons that follow, Plaintiff's Motion is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

## Governing Standard

Plaintiff moves for a pretrial ruling with respect to the admissibility of evidence in this action. *See Edens v. The Netherlands, Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (recognizing that a motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial" (quotations omitted)). The purpose of such rulings is

to avoid delay and unnecessary trial interruptions. *See, e.g., Dry Clean Super Ctr., Inc. v. Kwik Indus., Inc.*, No. 08-cv-578-WJM-CBS, 2012 WL 503510 at *4 (D. Colo. Feb. 15 2012) (unpublished op.).

A district court's in limine rulings are preliminary in nature and the court "may change its ruling at any time for whatever reason it deems appropriate." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); *see also Luce v. United States*, 469 U.S. 38, 41 (1984) ("The [in limine] ruling is subject to change when the case unfolds . . . . [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of the constitutional rights of the decedent, Daryl Clinton. Plaintiff relies, in part, on alleged systemic failures at the Oklahoma County Detention Center (also referred to by the parties as the Oklahoma County Jail) to demonstrate an unconstitutional policy or custom of the Sheriff with respect to medical care at the Jail. Clinton was a pretrial detainee at the Jail from August 6, 2019 through August 10, 2019. He was arrested on charges of drug/narcotic violations, after having been involved in a single vehicle accident in which he backed his car into a pole. Clinton died on August 10, 2019. The medical examiner identified the cause of Plaintiff's death as "blunt force trauma of cervical spine" and the manner of death as "accident." *See* Doc. No. 74-12 at 2.

Plaintiff seeks to exclude seven different categories of evidence. The Court addresses each in turn, below.

I.  **Any Criminal or Civil Litigation History Involving Plaintiff, Daryl Clinton, or Other Family Members of Daryl Clinton**

Plaintiff moves to exclude evidence of any "legal history involving Plaintiff, Daryl Clinton, or other family members of Daryl Clinton (Emmit Clinton, Dwight Clinton, Ernestine Thomas)." Pl.'s Mot. at 2. Plaintiff argues that such evidence lacks relevance and would be unduly prejudicial, confusing and distracting.

In response, Defendant argues that evidence about the reason for Clinton's arrest is relevant for purposes of establishing how Clinton's accident happened, why Clinton was arrested and the reason for his transport to St. Anthony Hospital prior to his detention at the Jail. Defendant further argues that Clinton's criminal history may be relevant to the issue of damages. According to Defendant, family admitted that "Clinton was a drug dealer." Def.'s Resp. at 2.

Limited evidence about the accident, the basis for Clinton's arrest, and the reason for his transport to St. Anthony Hospital are relevant to Plaintiff's claims. This evidence does not appear to be within the scope of Plaintiff's Motion.

But evidence about the legal or criminal history of Clinton, or family members of Clinton does not appear to have any relevance to Plaintiff's claims and further that even if the evidence had limited relevance its probative value would be outweighed by a danger of unfair prejudice. However, without identification of specific evidence or the context in which such evidence may be introduced at trial, the Court reserves any ruling as to its admissibility at this time. Defendant is cautioned that before introducing any such

evidence, Defendant should approach the bench and request a ruling.  The Court, therefore, DENIES WITHOUT PREJUDICE Plaintiff's Motion with respect to this evidence.

## II. Comments or Suggestions that Daryl Clinton, Due to his Arrest Record, was Familiar with the "Process" of Requesting Further Medical Care

Referencing Defendant's Motion for Summary Judgment [Doc. No. 74], Plaintiff points to a statement made therein to the effect that Clinton was familiar with the process of obtaining medical care at the Jail.  Plaintiff moves to exclude any such comments or suggestions at trial, noting that Defendant made this assertion in its summary judgment motion without any factual support.

In response, Defendant argues that "Plaintiff had been in the Oklahoma County jail previously and from that experience knew how to request medical services."  Def.'s Resp. at 3.  Defendant points to an inference to be drawn from other evidence, not any evidence itself.  Defendant is cautioned that such inferences appear to lack proper evidentiary support.  The mere fact of Clinton's prior arrest history, without more, is insufficient evidence upon which to draw such an inference.  At this time, the Court GRANTS Plaintiff's Motion.  If admissible evidence at trial is adduced to support drawing such an inference, Defendant can approach the bench and request permission from the Court to make arguments or comments regarding the same at that time.

## III. Comments or Suggestions that Daryl Clinton was Treated by a Physician for his Spinal Injury at OCDC and Opinion Testimony Regarding Clinton's Spinal Injuries from Jacob Strohl, M.D.

During his detention, Clinton was seen by Jacob Strohl, M.D. for a mental evaluation.  The summary judgment record showed that Dr. Strohl solely conducted a

mental evaluation.  Dr. Strohl is a psychiatrist.  He did not refer Clinton to any other medical professional with respect to his spinal cord injury.  Plaintiff argues that Defendant should not be able to argue that Clinton was treated for his spinal cord injury by Dr. Strohl as that would be "inaccurate, distracting, and a mischaracterization of the evidence." Pl.'s Mot. at 5.  Plaintiff further argues that Dr. Strohl should not be permitted to give any opinion testimony about Clinton's spinal or physical injury.   Plaintiff contends Dr. Strohl has not been designated as an expert and is not qualified to give expert testimony outside of matters related to psychiatry.

In response, Defendant does not directly address the admissibility of Dr. Strohl's testimony.   Defendant concedes that Dr. Strohl did not treat Clinton for a spinal injury.  Def.'s Mot. at 4.  ("The entrance of Jacob Strohl, M.D. into Clinton's cell on August 9, 2019 was not to treat him for a spinal injury.  Everyone agrees with that.").  Thus, the Court GRANTS Plaintiff's Motion with respect any argument that Dr. Strohl treated Clinton's spinal cord injury.

Defendant is silent with respect to any expert testimony by Dr. Strohl as to Clinton's spinal or physical injury.  Instead, Defendant states the following:

> The parties agree an MD psychiatrist went to check [on Clinton].  The parties agree that Dr. Strohl entered no orders for treatment or transport for a spinal injury after seeing Clinton for several minutes.  If the psychiatrist concluded the paralysis was real, or if the psychiatrist suspected Clinton had an undiagnosed medical condition, the psychiatrist would have entered orders for treatment or transport.

Def.'s Mot. at 5. Defendant implicitly concedes that Dr. Strohl will not give any expert opinion testimony about Clinton's spinal or physical injury. Accordingly, the Court GRANTS Plaintiff's Motion in limine as to any such testimony.

**IV.   Comments or Suggestions that Defendant is not Liable for the Acts and Omissions of Medical Staff**

Plaintiff argues that "[i]t is apparent from Defendant's Motion for Summary Judgment that he may shift all blame in this matter to Turn Key Health and the medical staff of OCDC and further opine that Defendant is not liable for such conduct." Plaintiff argues this is a "misstatement of the law that would confuse and mislead the jury." Pl.'s Mot. at 6.

In response, Defendant argues that "[w]hether medical jail staff acted with deliberate indifference was taken out of the case when Plaintiff settled with Turn Key and dismissed Turn Key and the medical director with prejudice." Def.'s Resp. at 6. The Court agrees with Plaintiff that this is legally incorrect. The Court addressed this matter in its summary judgment ruling. *See* Order [Doc. No. 100] at 20 and n. 14-15.

Defendant further states: "The argument is not that the Sheriff is not liable for the actions of Turn Key's employees but rather the actions of Turn Key's employees demonstrate that detention officers reported every medical concern they observed to medical staff." Def.'s Resp. at 7. Defendant's argument is unclear and seems to contradict his prior (incorrect) argument that the settlement with Turn Key removed the issue of the deliberate indifference of medical staff from the case.

6

To the extent Plaintiff's Motion seeks to exclude any legally incorrect argument at trial, the Motion is GRANTED. Otherwise, the Court DENIES WITHOUT PREJUDICE Plaintiff's Motion. It is unclear to the Court whether arguments by Defendant as to "shifting blame" is impermissible without further context.

### V. Comments or Suggestions that Defendant's Duty was Limited to Alerting Medical Staff of Daryl Clinton's Condition

Plaintiff contends that Defendant should not be able to "suggest to the jury that as long as security staff passed information of Clinton's condition to medical staff, they satisfied their duties." Pl.'s Mot. at 10. Plaintiff argues this is a misstatement of the law and should not be permitted.

In Response, Defendant makes an argument similar to that made in conjunction with the immediately preceding category of evidence. Defendant argues: "The Plaintiff's premise is that deliberate indifference in this case includes a medical professional failing to treat a serious medical condition properly. [citation omitted]. Indeed, that is no longer in the case because Plaintiff dismissed the medical professionals with prejudice." Def.'s Resp. at 8.

Again, the Court addressed the issue in its summary judgment ruling. *See* Order [Doc. No. 100] at 17-20. And the Court determined that disputed issues of material fact exist as to the Sheriff's liability arising from or related to the deliberate indifference of detention officers and medical personnel at the Jail. Although the individual liability of any medical professional is no longer at play, evidence of the deliberate indifference of any medical professional remains relevant to the determination of the Sheriff's liability.

The Court finds Plaintiff's request for an in limine ruling is overly broad. Defendant is certainly permitted to introduce evidence to show detention staff attempted to fulfill their gatekeeping duties. The Court further finds Defendant is incorrect to argue deliberate indifference of any medical provider is no longer in the case. The Court DENIES WITHOUT PREJUDICE Plaintiff's Motion as to this evidence, but admonishes the parties as to the parameters set forth. The Court RESERVES further ruling on this issue until the specific testimony is offered and the particular context is made clear.

### VI. Comments or Suggestions that Treatment for Daryl Clinton Before August 10, 2019 Would not Have Saved His Life

Plaintiff argues that "[i]n the event Defendant attempts [to] argue that any further medical care regarding Clinton's spinal trauma and splenic rupture would not have saved Clinton's life, such arguments are not in accord with the evidence, particularly admissions from Defendant's own expert." Pl.'s Mot. at 10. Plaintiff contends that "Defendant should be restrained by [sic] suggesting or arguing in any fashion that Clinton was a 'lost cause' or that treatment would have been futile." Id. at 11.

Defendant responds that "[t]here is no testimony or document in this case about whether or not Clinton would have survived if the medical professionals charged with his care at St. Anthony Hospital or the Oklahoma County Detention Center had made different decisions. The Sheriff need put on no such proof." Def.'s Resp. at 10. The Court construes Defendant's response as a concession that Defendant does not intend to argue that treatment would have been futile. Defendant qualifies this response, however, by stating that it is not an issue unless Plaintiff "injects" it. Id. at 11.

The Court DENIES WITHOUT PREJUDICE Plaintiff's Motion as to this evidence. The extent to which Defendant may be permitted to make such argument is dependent on Plaintiff's presentation of evidence and/or interjection of the issue at trial. Thus, the Court declines to rule on this issue until the specific testimony is offered and the particular context is made clear.

### VII.   General Inflammatory and Irrelevant Suggestions

Plaintiff seeks to prevent Defendant "from making a host of inflammatory and irrelevant comments that could improperly frame or taint this case." Pl.'s Mot. at 11. Plaintiff then lists the following:

>   A.   Critiques of the Plaintiffs' bar generally, such as arguments regarding "excessive" or "runaway" verdicts.
>
>   B.   Arguments or testimony of "overcrowded" courtrooms, or any effort by Defendant to suggest that the instant case is one that causes backlogs or over-crowding of the court system.
>
>   C.   Arguments that Plaintiff has asked for a greater amount of money than Plaintiff actually expects to be awarded, or that any award to the Plaintiff would amount to winning the lottery, a welfare program, a "handout", a "get-rich-quick" scheme, or that Defendant's counsel is shocked or surprised by the damages requested.
>
>   D.   Arguments or testimony regarding Plaintiff's counsels' compensation.
>
>   E.   Arguments or testimony that taxpayers, insurance companies, insurance customers, financial institutions, and/or customers of financial institutions would "foot the bill", be negatively impacted by, or otherwise suffer from a verdict rendered in Plaintiff's favor.
>
>   F.   References to Clinton as a drug dealer, drug addict, druggie, or similar remarks.

Pl.s' Mot. at 11-12.

9

In response, Defendant makes no concessions, instead arguing that the evidentiary items "are so poorly defined that response is problematic." Def.'s Resp. at 11. As to item E and its reference to "taxpayers," Defendant states that "the jurors will get the idea that taxpayers are being sued" because the Sheriff is being sued in his official capacity, the Plaintiff will refer to the "county jail," and assistant district attorneys are defending the county. *Id*. But Plaintiff seeks exclusion of affirmative arguments by Defendant that taxpayers will "foot the bill." Jurors "getting the idea" from these circumstances is distinct from Defendant affirmatively making such argument.

In response to item F, Defendant argues that if Plaintiff attempts to include lost wages or income as an item of damages, evidence of Clinton's drug dealing might come up as "the only truthful answer in response to the very legitimate questions about how Clinton made a living." *Id*. at 12.

In general, the Court finds the list of items identified by Plaintiff are excludable as irrelevant and/or inflammatory and unduly prejudicial. *See* Fed. R. Evid. 402, 403. However, without identification of specific evidence or the context in which such evidence may be introduced at trial, the Court reserves any ruling as to their admissibility at this time. The Court, therefore, DENIES WITHOUT PREJUDICE Plaintiff's Motion with respect to this evidence.

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine [Doc. No. 91] is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

IT IS SO ORDERED this 29th day of June, 2023.

                                                                 SCOTT L. PALK
                                                                 UNITED STATES DISTRICT JUDGE