IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQULLA M. BROTHERS, as the Personal Representative and Administratrix of the Estate of Daryl Clinton, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY; TOMMIE JOHNSON III, in his official capacity as Oklahoma County Sheriff; TURNKEY HEALTH CLINIC, LLC, an Oklahoma limited liability company; DR. KENT KING, individually; and JOHN DOES I-X, individually,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-21-418-SLP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

Before the Court is Defendant's Motion in Limine to Exclude Evidence Regarding Sight Checks Unrelated to Plaintiff [Doc. No. 87]. Plaintiff has filed a Response [Doc. No. 93]. Defendant has been given the opportunity to file a reply but has failed to timely do so. *See* LCvR 7.1 (i). For the reasons that follow, Defendant's Motion is DENIED WITHOUT PREJUDICE.

**I.**     **Governing Standard**

Defendant moves for a pretrial ruling with respect to the admissibility of evidence in this action. *See Edens v. The Netherlands, Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (recognizing that a motion in limine is a "pretrial request that certain inadmissible

evidence not be referred to or offered at trial" (quotations omitted)). The purpose of such rulings is to avoid delay and unnecessary trial interruptions. *See, e.g., Dry Clean Super Ctr., Inc. v. Kwik Indus., Inc.*, No. 08-cv-578-WJM-CBS, 2012 WL 503510 at *4 (D. Colo. Feb. 15 2012) (unpublished op.).

A district court's in limine rulings are preliminary in nature and the court "may change its ruling at any time for whatever reason it deems appropriate." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); *see also Luce v. United States*, 469 U.S. 38, 41 (1984) ("The [in limine] ruling is subject to change when the case unfolds . . . . [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

## II.     Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of the constitutional rights of the decedent, Daryl Clinton. Plaintiff relies, in part, on alleged systemic failures at the Oklahoma County Detention Center (also referred to by the parties as the Oklahoma County Jail) to demonstrate an unconstitutional policy or custom of the Sheriff with respect to medical care at the Jail.

Defendant moves to exclude evidence regarding "the history of sight checks in the Oklahoma County Detention Center." Def.'s Mot. at 1. Defendant argues "there is no proof any of the sight checks of Clinton's cell were missed in any manner, regardless of whether or not they may or may not have been done elsewhere in the facility." *Id.*

In response, Plaintiff argues the issue is not simply whether sight checks were conducted but instead whether inmates, including the decedent, Mr. Clinton, were properly observed and supervised in the course of these sight checks. Pl.'s Resp. at 2.

In responding to Defendant's Motion, Plaintiff points to evidence in the record to demonstrate that the Jail's sight check policy is intended, in part, to evaluate the health, safety and security of inmates. Plaintiff also points to evidence that the sight check policy addresses the importance of communicating with supervisors about any inmates at risk. And Plaintiff points to evidence about detention officers' concerns with respect to the sight checks on Mr. Clinton, specifically, and also as to the adequacy of sight checks generally at the Jail. Furthermore, Plaintiff points to historical evidence of deficiencies at the Jail with respect to sight checks.

The Court finds Defendant's Motion in Limine improperly seeks to preclude Plaintiff from introducing evidence relevant to her § 1983 deliberate indifference claim.[1] Moreover, Defendant does not reference any particular evidence sought to be excluded, instead referring in the broadest sense to any evidence of the "history of sight checks" as evidence that should be excluded. Although Defendant may challenge the admissibility of

---

[1] In this regard, that Court notes that a motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n. 4 (9th Cir. 2013). The sufficiency of the evidence "is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards." *Kwik Indus.*, 2012 WL 403510 at * 4 (internal quotation marks and citations omitted). In responding to Defendant's Motion for Summary Judgment, Plaintiff addressed evidence regarding the history of sight checks at the Jail. Defendant had the opportunity to address that evidence through a reply brief but chose not to do so.

specific evidence at trial, a pretrial ruling to exclude the evidence is not proper under these circumstances  Accordingly, Defendant's Motion is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED this 29th day of June, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE